## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| MICHAEL GORMAN, | Civil No. 15-1890 (JRT/HB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |
| MESSERLI & KRAMER, P.A., | |
| Defendant. | |

Nicholas R. Nowicki, **McDONOUGH & NOWICKI, P.L.L.C.**, 7107 East Thomas Road, Scottsdale, AZ 85251, for plaintiff.

Derrick N. Weber, **MESSERLI & KRAMER, P.A.**, 3033 Campus Drive, Suite 250, Plymouth, MN 55441, for defendant.

This case is about a debt collector's attempt to add $35 to an already hefty bill. Defendant Messerli & Kramer, P.A. ("Messerli") is a law firm engaged in debt collection that sent Plaintiff Michael Gorman a dunning letter (a letter requesting payment for a debt[1]) stating that in addition to his debt, Gorman owed $35 for costs. Gorman filed this action alleging that Messerli's letter violated two provisions of the Federal Debt Collection Practices Act ("FDCPA") by including the $35 charge. Messerli has moved the Court to dismiss Gorman's complaint for failure to state a claim. Because the facts pleaded by Gorman show that Messerli was not authorized to collect on the $35 as of the date of the dunning letter, the Court will deny Messerli's motion.

---

[1] *See Dun*, *Black's Law Dictionary* (8th ed. 1999).

## BACKGROUND

At some point before April 2014, a company named Midland Funding LLC ("Midland") acquired a credit card debt that Gorman allegedly owed to Citibank.[2] Although it acquired the debt, Midland was not party to any contract creating it. (Compl. ¶¶ 17-19, Apr. 8, 2015, Docket No. 1.)

Midland hired Messerli to collect on the debt. On April 2, 2014, Midland, with Messerli as counsel, started a debt-collection action in Hennepin County District Court. Shortly thereafter, either Midland or Messerli paid $35 to hire a process server to serve Gorman. (*Id.* ¶ 11.)

On April 9, 2014, Messerli sent Gorman a letter stating, "Your account balance of $9,030.39 consists of the principal balance of $8,995.39, plus incurred costs of $35.00." (*Id.* ¶ 14; *id.*, Ex. 1.) The state court action was ongoing as of the date of the letter; Midland had not prevailed, and the court had not awarded Midland litigation expenses. (*Id.* ¶ 16.)

On April 8, 2015, Gorman filed this action in federal court alleging FDCPA claims of false representation under § 1692e and unfair debt collection practices under § 1692f. (*Id.* at 4.)

---

[2] For the purposes of this motion to dismiss the Court treats Gorman's factual allegations as true. *Cormack v. Settle-Beshears*, 474 F.3d 528, 531 (8th Cir. 2007).

## ANALYSIS

### I.  STANDARD OF REVIEW

Messerli moves the Court to dismiss Gorman's complaint under Federal Rule of Civil Procedure 12(b)(6).  In reviewing a motion to dismiss for failure to state a claim, the Court considers all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face."  *See, e.g.*, *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  To survive a 12(b)(6) motion, a complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Although the Court accepts the complaint's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility," and therefore must be dismissed.  *Id.*  Rule 12(b)(6) also authorizes the Court to dismiss a claim on the basis of a dispositive legal issue.  *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

**II.     UNFAIR PRACTICES**

Messerli first argues that Gorman failed to state a claim under § 1692f because Messerli was permitted to attempt to collect its costs prior to receiving a judgment. Section 1692f provides in pertinent part:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1)  The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f.  The Eighth Circuit has summarized § 1692f(1) as stating that "a debt collector may not impose a service charge unless (i) the agreement creating the debt expressly authorizes the charge, or (ii) the charge is permitted by law."  *Freyermuth v. Credit Bureau Servs.*, 248 F.3d 767, 770 (8th Cir. 2001).  Thus, if a charge is neither "expressly authorized" nor "permitted by" federal or state law, then it is an unfair debt collection.  *Id.*

The parties here agree that the agreement creating the debt did not expressly authorize Messerli to charge Gorman for the process server costs, and so their dispute necessarily turns on whether the charge is "permitted by law."  Messerli argues that Minnesota Statute § 549.04 permits the charge, as that statute reads, "In every action in a district court, the prevailing party . . . shall be allowed reasonable disbursements paid or incurred, including fees and mileage paid for service of process by the sheriff or by a private person."  Minn. Stat. § 549.04, subdiv. 1.

In cases involving similar statutes awarding costs, the outcome has depended on whether judgment has been entered against the party seeking relief under the FDCPA. In other words, if a debt collector or its client has won a judgment and a statute awards costs to the prevailing party, then the debt collector may collect on those costs without violating the FDCPA. *See Eger v. Messerli & Kramer, P.A.*, No. 14-1424, 2015 WL 3915776, at *2-3 (D. Minn. June 25, 2015) (stating that Minnesota law permitted the collection of garnishment costs after the creditor reduced its a state court debt collection action to judgment). But if a statute awards costs to a prevailing party and the debt collector or its client has **not** been awarded a judgment, then collection of those costs is **not** permitted by law and any attempt at collection is prohibited by the FDCPA. *See Shula v. Lawent*, 359 F.3d 489, 490-91 (7th Cir. 2004) (holding that Illinois law did not permit the collection of $52.73 in court costs incurred in a debt collection proceeding that was abandoned without the entry of judgment against debtor).

This case involves the latter scenario. The state court action was ongoing and Midland and Messerli's claims – meritorious or not – had not yet been reduced to judgment at the time Messerli sent the letter in question.

Messerli nonetheless argues that the FDCPA does not require it to wait for a judgment to recover prevailing party costs, but Messerli misinterprets the relevant precedents. Messerli first cites *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562 (7th Cir. 2004), a case in which the court held that collection was authorized, but not for reasons that help Messerli's argument. In *Fields* a woman signed a contract with an animal hospital, and the contract stated she would pay costs and attorney's fees if she did not

meet her payment obligations. *Id.* at 563-64. When a debt collector later sent her a dunning letter and requested payment for $250 in attorney's fees, she filed an FDCPA action. *Id.* at 564. Although the court rejected the woman's argument that the debt collector must wait for a judgment before collecting costs, the court did so because the contract that created the debt expressly authorized the collection of costs, as the first prong of § 1692f(1) permits, not because some statute permitted collection. *See id.* at 564-65. Here, by comparison, the parties agree that this is a "permitted by law" case and not an "expressly authorized" case. Therefore *Fields* is not on point.[3]

Messerli next cites *Freyermuth v. Credit Bureau Services*, 248 F.3d 767 (8th Cir. 2001), another case addressing circumstances different than those here. In *Freyermuth*, a debt collector in Nebraska attempted to collect "service charges" for bounced checks prior to receiving a judgment in its favor. *Id.* at 769-70. Those charges were not authorized by any agreement, but Nebraska law entitled the debt collector to reimbursement for incidental damages incurred as a result of a buyer's breach of contract. *Id.* at 770 (citing Neb. Rev. Stat. U.C.C. §§ 2-707(1)-(2), 2-710 (1963)). In other words, the Nebraska statute explicitly created liability for costs without the award of a judgment. Here however, the Minnesota statute does no such thing: it limits the ability to collect on costs to those who prevail in a court action.

Messerli also places emphasis on the outcome in *Diaz v. Kubler*, 785 F.3d 1327 (9th Cir. 2015), where the court allowed a debt collector to attempt to collect costs prior to

---

[3] The *Fields* court went on to hold that the debt collector did in fact violate the FDCPA, but because it failed to properly itemize its dunning letter, not because of the particular costs it sought to recoup. 383 F.3d at 565-66.

receiving a judgment, but *Diaz*'s actual holding supports Gorman. The debt collector in *Diaz* sent a woman a letter stating in part that she owed pre-judgment interest on her debt, even though the creditor had not yet received a judgment in its favor. *Id.* at 1328. The woman's FDCPA action alleged essentially what Gorman has alleged here, that the inclusion of the extra charges violated § 1692f(1), but the Ninth Circuit held that California law permitted collection of the charge. *Id.* at 1329-30. The text of the California statute, however, differed from the Minnesota statute at issue here, in one crucial respect: it authorized the collection of certain costs by any person so "**entitled under any judgment.**" *Id.* (quoting Cal. Civ. Code § 3287(b)) (emphasis added). The court's holding hinged on the word "entitled." *Id.* The court found that because the California statute granted collection rights to those "entitled" to a judgment, not just those who had already prevailed in a case, the debt collector's dunning letter was "permitted by law" and did not violate § 1692f(1). *Id.* The Minnesota statute in this case does not contain comparable language; there is no use of the word "entitled." A party is not a prevailing party until it receives a judgment, and *Diaz* says nothing to the contrary.

Finally, Messerli makes an argument distinguishing the texts of § 1692f and § 1692f(1), but the Court finds this suggested distinction either non-existent or immaterial. As quoted above, § 1692f prohibits unfair practices to "collect or attempt to collect" a debt, while § 1692f(1) mentions only "collection." Messerli argues this difference in usage is significant, that § 1692f(1) applies only to literal collections, not to attempts to collect, and Messerli's dunning letter therefore could not have violated § 1692f(1). That argument cannot be correct, however, for two reasons. First, courts

have found dunning letter violations of § 1692f(1) in a vast number of precedents – including many of the cases cited in the parties' briefs – and a dunning letter is of course an **attempt** to collect.  *See, e.g.*, *Fields*, 383 F.3d at 565-66 (holding that debt collector may have violated § 1692f(1) based on content of dunning letter); *Shula*, 359 F.3d at 490-91, 492-93 (same); *cf. Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 176-79 (3d Cir. 2015) (holding the same for an attempt to collect a debt via a foreclosure complaint).  All of these decisions would have to be wrong if Messerli were correct and dunning letters as a rule could not violate § 1692f(1).  Second, even if Messerli's literalistic argument is an accurate interpretation of the text, § 1692f explicitly states that its subsections, of which § 1692f(1) is only one, are nothing more than a nonexclusive list of examples of unfair practices.  15 U.S.C. § 1692f (stating the subsections do not "limit[] the general application of the" ban on "unfair [and] unconscionable means to collect or attempt to collect any debt").

The Court therefore finds that Gorman has stated a claim for relief under § 1692f.

### III.   FALSE REPRESENTATIONS

Messerli next argues Gorman failed to state a claim under § 1692e for false representation because Gorman did not plead facts suggesting he was actually misled.  Section 1692e states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . .

>    **(2)** The false representation of—
>
>    >    **(A)**  the character, amount, or legal status of any debt; or
>    >
>    >    **(B)**  any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

15 U.S.C. § 1692e, (2)(A)-(B).

When a court evaluates a dunning letter for FDCPA violations, it "must view [the letter] through the eyes of the unsophisticated consumer." *Freyermuth*, 248 F.3d at 771. The "unsophisticated consumer" standard is necessarily objective – even if the plaintiff is a wealthy financier, or an educated accountant, the Court would still view the facts through the lens of a regular person. It does not matter what the plaintiff actually thought about the alleged false statement. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 233 (2d Cir. 2012) ("Whether a collection is false, deceptive, or misleading under the FDCPA is determined from the objective least sophisticated consumer." (internal quotation marks omitted)).

In practice, a plaintiff's claim that a representation is false rises and falls with his or her unfair practices claim. If a debt collector states in a dunning letter that a debtor must pay an amount for which collection is unauthorized by contract or law, the letter not only constitutes an unfair collection practice but also a false representation. And the corollary is true too: if the law permits collection of a debt, it is not a false representation for a debt collector to state that the debtor owes that amount. *Compare Kaymark*, 783 F.3d at 183 (concluding that debtor wins under both § 1692e and § 1692f), *Fields*, 383 F.3d at 565-66 (same), *and Shula*, 359 F.3d at 492-93 (same), *with Elyazidi v.*

*SunTrust Bank*, 780 F.3d 227, 235 (4th Cir. 2015) (concluding the opposite).  In this case, because Minnesota law did not permit collection of the $35 in costs, Messerli's inclusion of the charge in the letter constituted a false representation.

However, although not explicit in § 1692e, courts also require that an act of false representation be "material" before liability will arise.  The Fourth Circuit recently defined materiality:  "To violate the statute, a representation must be material, which is to say it must be important in the sense that it could objectively affect the least sophisticated consumer's decisionmaking."  *Elyazidi*, 780 F.3d at 234 (citation and internal quotation marks omitted); *see also Neill v. Bullseye Collection Agency, Inc.*, No. 08-5800, 2009 WL 1386155, at *2 (D. Minn. May 14, 2009) (holding that a debt collector's mislabeling of a third notice as a second notice was not material).

Messerli relies on this materiality requirement to argue Gorman's § 1692e claim must be dismissed because he was not actually misled and the alleged misrepresentation was therefore not material.  But Messerli incorrectly conflates the materiality requirement with a non-existent requirement that a plaintiff be actually and subjectively misled.  The materiality requirement is objective, not subjective.  *Elyazidi*, 780 F.3d at 234 (stating that the materiality test is "objective[]").  Importing a requirement that a plaintiff be subjectively misled would undermine the FDCPA's well-established objective unsophisticated consumer.  *See Easterling*, 692 F.3d at 230 (applying the objective unsophisticated consumer test); *Freyermuth*, 248 F.3d at 771 (same).

As support for its legal argument, Messerli points to the Eighth Circuit's decision in *Hemmingsen v. Messerli & Kramer, P.A.*, 674 F.3d 814 (8th Cir. 2012), but Messerli's

citations are again to out of context dicta.  In *Hemmingsen*, the Eighth Circuit rejected an FDCPA claim in part because the alleged false statements were made to a state court in litigation documents and those statements were not directed to the plaintiff.  *Id.* at 818-19.  The court noted that there was no evidence that "anyone" was "misled, deceived, or otherwise duped" by the debt collector's actions, *id.* at 819, and from that conclusion Messerli argues that *Hemmingsen* limited § 1692e's application to statements that actually "mislead, deceive, or dupe someone" (Def.'s Mem. at 7, April 29, 2015, Docket No. 6).  This is incorrect.  At most, this dicta from *Hemmingsen* stands for the proposition that evidence or a lack of evidence of someone being subjectively misled can be used as probative of what the objective unsophisticated consumer test requires in a particular factual circumstance.  The lack of actual deception may suggest that even an unsophisticated consumer might not be misled.  But *Hemmingsen* did not displace the well-worn objective unsophisticated consumer standard.

In light of the above-described law, the Court finds that Messerli's alleged false statements in this case were material for three reasons.  First, the courts that confronted the false statements in the cases cited above, where the debt collector was liable for adding unpermitted costs to a dunning letter, all assumed that those statements were material; none of those courts questioned whether those false statements were material before assigning liability.  Second, it does not matter that Gorman did not plead facts suggesting he was himself misled, because it only matters whether an objective unsophisticated would have been deceived.  And finally, a debt collector's false statements in a dunning letter asserting that a debtor owes an amount the debt collector is

unauthorized to collect should almost always be considered material because of the FDCPA's stated aim to halt "the use of abusive, deceptive and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a).  Congress's goal was not to grant a remedy to each debtor deprived of $35, but instead to deter debt collectors from denying entire classes of debtors, *en masse*, of relatively small sums of money – such as $35.  Thus, Messerli's statement to Gorman was material, and Gorman has stated a claim under § 1692e, as well as § 1692f.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Messerli & Kramer, P.A.'s Motion to Dismiss [Docket No. 4] is **DENIED**.

DATED:  February 25, 2016
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____
JOHN R. TUNHEIM
Chief Judge
United States District Court